IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRA EXCAVATING, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:11-cv-00955 |
| | ) Judge Nixon |
| | ) Magistrate Judge Bryant |
| GORDON LAW GROUP, PLC, et al., | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants John Clark, Robin J. Gordon, and Gordon Law Group, PLC's Motion to Dismiss for Failure to Prosecute (Doc. No. 26), filed with a supporting Memorandum (Doc. No. 27). The Motion requests that Plaintiffs Terra Excavating, Inc., Terra Construction Group, Inc., Mohammad Hikman Rahman, and Mohammad Adnan Rahman's claims be dismissed for their failure to comply with an Order of this Court and wilful failure to prosecute this suit. (Doc. No. 26 at 1.)

On March 14, 2012, Plaintiffs' attorneys moved to withdraw as counsel of record due to Plaintiffs' lack of cooperation in prosecuting this matter. (Doc. No. 22.) The Court granted that motion on March 15, 2012, and ordered Plaintiffs to have new counsel appear on their behalf or announce their intention to proceed *pro se* within fourteen days. (Doc. No. 24.) The Court warned that Plaintiffs' failure to comply could result in dismissal of their case. (*Id.*) To date, Plaintiffs have made no action in compliance with the Court's March 15 Order or any other action in furtherance of prosecuting their claims, including responding to Defendants' current Motion. Correspondence from the Court to Plaintiffs' address on record has been returned as undeliverable. (Doc. No. 28.)

1

A Court may dismiss an action under Federal Rule of Civil Procedure 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. A court should consider (1) whether the party's failure is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Plaintiffs have apparently abandoned their claims, to the detriment of their former attorneys, the Defendants, and this Court, who have all expended resources on this litigation over several months. The Court has attempted to warn Plaintiffs that their conduct would result in dismissal of their case, although Plaintiffs did not receive the warning due to their failure to update their contact information with the Court. Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rule 41(b) for Plaintiffs' failure to cooperate with their attorneys or otherwise prosecute their case and failure to comply with the Court's March 15 Order. Accordingly, this action is **DISMISSED**.

It is so ORDERED.

Entered this the 24th day of April, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2

Case 3:11-cv-00955   Document 29   Filed 04/24/12   Page 2 of 2 PageID #: 100